UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| DELANTE GASKIN<br>7601 Hammond Ave.<br>Takoma Park, MD 20912<br><br>On behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br>v.<br><br><br><br>LOOMIS ARMORED US, LLC<br>2500 City West Blvd., Suite 2300<br>Houston, TX 77042-9000<br><br>        Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br><br><br><br>**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARD ACT AND DISTRICT OF COLUMBIA WAGE-AND-HOUR LAWS** |

Plaintiff Delante Gaskin, through counsel, for his Class and Collective Action Complaint against Defendant Loomis Armored US, LLC ("Loomis"), states and alleges as follows:

**INTRODUCTION**

1. This case challenges Loomis's practice by which it willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and District of Columbia ("D.C.") wage-and-hour laws.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."

Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join the case pursuant to § 216(b) (the "Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein (the "D.C. Class"), who assert factually-related claims under the D.C. Minimum Wage Act Revision Act ("DCMWA"), D.C. Code Ann. § 32-1001 et seq., and the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. Code Ann. § 32-1301 et seq.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's claims under the DCMWA and the DCWPCL because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because the Defendant conducts business within the territorial jurisdiction of this Court. Moreover, as described below, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## PARTIES

7. At all times relevant, Plaintiff Delante Gaskin was a citizen of the United States and a resident of Maryland.

8. From May 2019 through April 2020, Mr. Gaskin was employed by Loomis as an armed guard driver and armed messenger.

9. Defendant Loomis is a limited liability company organized in the state of Texas, with its principal place of business located at 2500 City West Boulevard, Suite 2300, Houston, Texas 77042. It operates five locations through the Commonwealth of Virginia, including Delante Gaskin's dispatch site in Springfield.

## FACTUAL ALLEGATIONS

### Defendant's Business and Status as an "Employer"

10. Loomis is an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. According to its website, Loomis provides nationwide "comprehensive cash management and vaulting services" and "ATM logistics" – i.e., it transports cash and valuables in armored vehicles to and from stores, banks, deposit boxes, and ATMs.

12. Loomis performs those services through nearly 200 locations across the United States, including five in the Commonwealth of Virginia.

13. Loomis operates a "mixed fleet" of armored vehicles to transport cash and valuables. Some of Loomis's vehicles carry a gross vehicle weight rating ("GVWR") of 10,000 pounds or less, while others carry a GVWR of 10,001 pounds or more.

14. Loomis's cash and valuables transportation services are carried out by its armed guard driver and armed messenger employees, all compensated on an hourly-basis. The "smaller" vehicles in Loomis's fleet (GVWR under 10,000 pounds) are operated by a driver alone. The "larger" vehicles (GVWR of 10,001 or more) are operated by one driver and one messenger.

15. Loomis was an "employer" of Plaintiff and the Potential Opt-Ins within the meaning of the FLSA, 29 U.S.C. § 203(d).

16. Plaintiff Gaskin and other similarly-situated employees who may join this case pursuant to 29 U.S.C. § 216(b) (the "Potential Opt-Ins") drove and/or worked as messengers for Loomis in both smaller and larger vehicles.

### The Small Vehicle TCA Exception and Loomis's Pay Structure

17. The FLSA requires that Loomis pay its non-exempt employees overtime compensation at the rate of one and one-half times their "regular rate" for all hours worked in excess of forty hours per workweek. 29 U.S.C. § 207(a)(1).

18. Under the FLSA's "MCA Exemption," section 13(b)(1) of the FLSA, 29 U.S.C. § 213(b)(1), certain employees working in or on motor vehicles that fall under the regulatory authority of the Department of Transportation are exempt from the FLSA's overtime pay requirement.

19. Plaintiff Gaskin and the Potential Opt-Ins are non-exempt under section 13(b)(1) of the FLSA because they fall, at least in part, under the small vehicle exception set forth in the SAFETEA-LU Technical Corrections Act of 2008, Pub. L. No. 110-244, 122 Stat. 1572 (the "TCA").

20. The TCA removes from the MCA Exemption those employees who, like Plaintiff Gaskin and the Potential Opt-Ins, work "in whole or in part" on vehicles weighing 10,000 pounds or less.

21. Loomis did not pay Plaintiff Gaskin and the Potential Opt-Ins overtime pay for all hours worked over 40 per workweek. Instead, Loomis paid them only straight-

time, i.e. - their regular rate of pay – for all working time except for hours worked on Saturday.  For Saturday hours, they received one and a half times their regular rate.

### Loomis's Pay Practices as Applied to Delante Gaskin and the Potential Opt-Ins

22. Plaintiff Gaskin worked from Loomis's Springfield, VA location, and was subjected to the pay practices described above in Paragraph 21 on a near-weekly basis.

23. Gaskin worked more than 40 hours nearly every week that he was employed at Loomis.  He drove smaller vehicles (GVWR under 10,000 pounds) for at least part of most workweeks.

24. Gaskin generally eclipsed 40 hours before Saturday, meaning that, for most workweeks, some or all of his overtime hours were paid at straight-time rather than at time-and-a-half.

25. Gaskin's experience was similar to most drivers and messengers at Loomis. The Potential Opt-Ins have substantially similar job requirements and pay provisions, and are subject to common pay practices that fail to compensate them at the required overtime rate for all hours worked in excess of 40 per workweek.

### Loomis's Pay Practices In Relation to D.C. Law

26. Like the FLSA, D.C. Code Ann. § 32-1003(c) provides that "no employer shall employ any employee for a workweek that is longer than 40 hours, unless the employee receives compensation for employment in excess of 40 hours at a rate not less than 1 1/2 times the regular rate at which the employee is employed.

27. Under the DCMWA, D.C. Code Ann. § 32-1003(b)(1), "[a] person shall be employed in the District of Columbia when… [t]he person regularly spends more than 50% of their working time in the District of Columbia."

28. For many of his workweeks, Delante Gaskin spent nearly his entire working day, and certainly more than 50% of his day, working in the District of Columbia.

29. There are numerous (in excess of 100 over the past 3 years, upon information and belief) similarly-situated current and former Loomis armored drivers and messengers that spend more than 50% of their working time in the District of Columbia.

30. Unlike the FLSA, the DCMWA has no exemption for employees working in or on large vehicles (like the FLSA's exemption in 29 U.S.C. 213(b)(1)).

## The Willfulness of Defendant's Violations

31. Defendant Loomis knew that Plaintiff, the Potential Opt-Ins, and the D.C. Class Members were entitled to compensation for all hours worked and overtime compensation for hours over 40 in a workweek under both federal and D.C. law, or acted in reckless disregard for whether they were so entitled.

32. As a nationwide operation, Loomis well knows that employees who work "in whole or in part" on vehicles weighing 10,000 pounds or less are within the small vehicle exception to the FLSA's MCA Exemption and must be paid in accordance with the FLSA's overtime requirements.

33. Since at least 2010, Loomis has known that its pay practices described above were contrary to law.

6

34. This specific pay practice, or some close approximation thereof, has been challenged at least five times across the country, including in *Myers v. Loomis Armored US, LLC*, W.D.N.C. Case No. 3:18-cv-00532, *Hartfield v. Loomis Armored US, LLC*, C.D. Cal. Case No. 2:10-cv-07500, *Colon v. Loomis Armored US, LLC*, S.D.N.Y. Case No. 1:16-cv-07350, *Gomez v. Loomis Armored US, LLC*, W.D. Tex. Case No. 5:16-cv-931, and *Hawkins v. Loomis Armored US, LLC*, E.D. Ark. Case No. 4:18-cv-47.

35. Each of those cases resulted in a settlement.

## **COLLECTIVE ACTION ALLEGATIONS**

36. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated. "

38. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant Loomis's FLSA violations consist of:

> All armored drivers and messengers employed by Loomis who worked "in whole or in part" on vehicles weighing 10,000 pounds or less but were not paid overtime compensation for all hours worked in excess of forty for one or more workweeks during the period three years preceding the commencement of this action to the present.

39. Such persons are "similarly situated" with respect to Loomis's FLSA violations in that all were subject to and injured by Loomis's unlawful pay practices and

all have the same claims against Loomis for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

40. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary, so that all such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

41. Upon information and belief, the number of similarly-situated persons exceeds 1,000 persons.

## CLASS ACTION ALLEGATIONS

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Plaintiff brings this case on behalf of himself and other members of a proposed D.C. Class, defined as:

> All armored drivers and messengers employed by Loomis who worked "in whole or in part" on vehicles weighing 10,000 pounds or less and regularly spent more than 50% of their working time in the District of Columbia, but were not paid overtime compensation for all hours worked in excess of forty for one or more workweeks during the period three years preceding the commencement of this action to the present.

44. The D.C. Class is so numerous that joinder of all Class Members is impracticable. Plaintiff avers, upon information and belief, that the D.C. Class consists of more than 100 employees. The number of Class Members as well as their identities are ascertainable from records Loomis has maintained, and was required to maintain,

pursuant to the FLSA and D.C. law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; D.C. Code Ann. § 32-1008.

45. Questions of law or fact common to the D.C. Class include but are not limited to:

   a) Whether class members were subject to the requirements of the DCMWA, D.C. Code Ann. § 32-1001 et seq., and the DCWPCL, D.C. Code Ann. § 32-1301 et seq.

   b) Whether Loomis knew or should have known that Class Members were subject to the requirements of the DCMWA and the DCWPCL.

   c) Whether Loomis violated D.C. law by failing timely to pay Class Members in accordance with the requirements of the DCMWA and the DCWPCL.

   d) Whether Loomis deprived Plaintiff and other Class Members of overtime compensation at one and one-half times their "regular rate" for hours worked in excess of forty hours in a workweek.

46. Plaintiff's claims are typical of the claims of other members of the D.C. Class. Plaintiff's claims arise out of the same uniform course of conduct by Loomis, and are based on the same legal theories, as the claims of other Class Members.

47. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class Members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the D.C. Class in this case.

48. The questions of law or fact that are common to the D.C. Class predominate over any questions affecting only individual members. The primary questions that will

determine Loomis's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

50. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to be a party to this action pursuant to § 216(b) was filed herewith.

52. The FLSA required Loomis to pay overtime compensation to its non-exempt employees at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

53. Loomis failed to pay overtime compensation to Plaintiff and the Opt-Ins for all hours worked in excess of forty hours in a workweek.

54. By engaging in these practices, Loomis willfully violated the FLSA and regulations thereunder that have the force and effect of law.

55. As a result of Loomis's violations of the FLSA, Plaintiff and the Opt-Ins were injured in that they did not receive minimum wages and overtime compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to an award of unpaid overtime compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
**(D.C. Overtime Violations)**

56. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

57. Plaintiff brings this claim for violation of D.C. wage-and-hour laws, specifically the DCMWA, D.C. Code Ann. § 32-1001, et seq., and the DCWPCL, D.C. Code Ann. § 32-1301 et seq., on behalf of himself, the Opt-Ins who regularly spent more than 50% of their working time in the District of Columbia, and the D.C. Class Members.

58. At all times relevant, Loomis was an employer covered by the DCMWA and the DCWPCL.

59. At all times relevant, Plaintiff and the D.C. Class were employees covered by the overtime provisions of D.C. Code Ann. § 32-1003(c).

60. Loomis violated the DCMWA and the DCWPCL by failing to timely pay all covered armored drivers and messengers overtime compensation when owed and due.

61. D.C. Code Ann. § 32-1308(a)(1)(A) provides that Plaintiff and the D.C. Class "shall be awarded" from Loomis "reasonable attorneys' fees and costs, [t]he payment of any back wages unlawfully withheld," "[l]iquidated damages equal to treble the amount of unpaid wages, "[s]tatutory penalties."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the D.C. Class;

C. Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the D.C. Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

E. Award compensatory damages to Plaintiff, the Opt-Ins who regularly spent more than 50% of their working time in the District of Columbia, and the D.C. Class Members in the amount of their unpaid wages, as well as liquidated damages equal to treble the amount of unpaid wages;

F. Award Plaintiff pre- and post-judgment interest; and

G. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

<u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*Delante Gaskin*

By Counsel

/s/
_____

Benjamin W. Glass, III | VSB #23152
Benjamin W. Glass, III & Assoc., PC
3998 Fair Ridge Drive, #250
Fairfax, VA 22033
703-591-9829 phone
703-783-0686 fax
Ben@BenGlassLaw.com

Scott D. Perlmuter, | OHIO State Bar #0082856
Tittle & Perlmuter
4106 Bridge Ave.
Cleveland, OH 44113
216-308-1522 phone
Scott@TittleLawFirm.com
(will apply for admission *pro hac vice*)
*Counsel for Plaintiff*

13